IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Michael McKoy,<br><br>                Plaintiff,<br><br>vs.<br><br>Nathaniel Waddell (Individually); Oreda, Waddell (Individually); North Metro Properties; and Corey Heins,<br><br>                Defendants. | Civil Action No. 6:07-1495-HMH-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on motions to dismiss filed by the defendants. The plaintiff, who has been incarcerated at the Tyger River Correctional Institution since September 29, 2003, filed this *pro se* complaint alleging various causes of action arising out of his father's estate, which was probated in New Hanover County, North Carolina. The plaintiff essentially claims that the defendants conspired to defraud him of his share of his father's estate, including real property located in Wilmington, North Carolina.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

**FACT PRESENTED**

In his complaint, the plaintiff states that his father died in January 2002, leaving five children: the plaintiff, defendants Nathaniel and Oreda Waddell, and Carolina and Robert Waddell. The plaintiff has a different mother than his siblings. The plaintiff's father died without a will. The plaintiff alleges that his father had given specific instructions that he wanted all of his children to have an equal share of his estate. The plaintiff claims that shortly after his father's death, his uncle gave his brother, defendant Nathaniel Waddell, deeds to certain real property

that had belonged to their father.  At that time, the plaintiff was incarcerated in the South Carolina Department of Corrections.  The plaintiff alleges that Oreda and Nathaniel Waddell conspired to defraud him of his portion of the estate.  He claims they sold the property at issue to defendant North Metro Properties for $32,000 on November 11, 2005.  North Metro Properties then sold the property to defendant Corey Heins on November 21, 2006.  The plaintiff claims the property was sold without his knowledge.  The plaintiff alleges causes of action for intention infliction of emotional distress, "false pretense," and negligence.  Comp. at 1-10.

All acts and events alleged in the complaint occurred in North Carolina.  Comp. at 2-4, 5, 7, ex. A-H.  The real property at issue is located in North Carolina.  *Id.,* ex. C, F, G, H.  Defendant Heins is domiciled in Wilmington, North Carolina, and does not own property in South Carolina or have any other business connections with South Carolina. Heins decl.; *see also* comp. at 5.  Defendant North Metro Properties is a North Carolina limited liability company with its principal place of business in Wilmington, North Carolina, and it has no contacts or business connections with South Carolina.  Maynard decl.; *see also* comp. at 5.  Defendants Nathaniel Waddell and Oreda Waddell are domiciled in Leland, North Carolina.  Comp. at 5; Waddell answer at 2, 4.

## ANALYSIS

On February 15, 2008, defendants Corey Heins and North Metro Properties filed separate motions to dismiss for lack of personal jurisdiction and improper venue.  By order filed February 15, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure.  The plaintiff filed his oppositions to the motions on February 29, 2008.

Defendants Heins and North Metro Properties argue that the case should be dismissed because venue is improper.  In their answer, *pro se* defendants Nathaniel Waddell and Oreda Waddell also contend that South Carolina is an improper venue and that this court lacks personal jurisdiction over them.  Waddell answer at 2.

The plaintiff asserts in his complaint that subject matter jurisdiction is based on both federal question and diversity jurisdiction. However, the plaintiff has asserted no federal claims in his complaint, and it clear his action does not "arise[] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. *See* 12/18/07 Order at 2, doc. no. 65. However, the court does have subject matter jurisdiction based upon the diversity of the parties pursuant to 28 U.S.C. § 1332. *See* 1/8/08 order, doc. no. 74. When a civil action is filed based on diversity jurisdiction, then it may be brought only in the following districts:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

The District of South Carolina does not meet any of these criteria for this case. First, the complaint alleges that all the defendants are either citizens of North Carolina or entities organized and licensed to do business in North Carolina, comp. at 4-5, so this action has not been brought in "a judicial district where any defendant resides." 28 U.S.C. § 1391(a)(1). Second, none of "the events or omissions giving rise to [the plaintiff's] claims" took place in South Carolina, nor is any of "the property that is the subject of [this] action" situated in South Carolina. *Id.*(a)(2). All of the acts and events alleged in the complaint occurred in North Carolina, *id.* at 2-4, 5, 7, ex. A-H, including the administration of plaintiff's father's estate, and the real property at issue is located in North Carolina. *Id.*, ex. C, F, G, H. Third, the final location for proper venue is in "a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a)(3). Even assuming this judicial district has personal jurisdiction over one of the defendants, there is clearly another district available in which this action may be brought. Thus, the plaintiff has failed to meet any of the venue requirements of 28 U.S.C. § 1391(a).

3

Once a defendant raises a proper objection to venue, the plaintiff bears the burden of proof of establishing that the venue he chose is proper. *Magic Toyota, Inc. v. Southeast Toyota Distributors, Inc.*, 784 F. Supp. 306, 316 (D.S.C. 1992); Wright, Miller & Cooper, Federal Practice and Procedures § 3826 (2d ed. 1986). The plaintiff has not and cannot meet this burden of proof under any provision of Section 1391(a). Pursuant to Title 28, United States Code, Section 1406(a): "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "The interest of justice, however, generally requires transferring such cases to the appropriate judicial district rather than dismissing them." *Davis v. American Society of Civil Engineers*, 290 F.Supp.2d 116, 120 (D.D.C. 2003).

As the subject real property is located in Wilmington, North Carolina, and the defendants are all domiciled in and around Wilmington, it appears that the Eastern District of North Carolina has personal jurisdiction over all the defendants and further that it would be the proper venue for the instant action.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court finds that the District of South Carolina is an improper venue for the instant action. Accordingly, this court recommends that the instant action be transferred to the Eastern District of North Carolina.[1]

                                            s/William M. Catoe
                                            United States Magistrate Judge

March 10, 2008
Greenville, South Carolina

---

[1] As this court finds that venue is improper, the defendants' other grounds for dismissal will not be addressed.